AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

United States of America
v.
Daryl Hanna

Case No. 8:25-mj-2991-CPT

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 16, 2025 to August 26, 2025__ in the county of __Pinellas__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 875(c) | Threatening Interstate Communications |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

SA _____
*Complainant's signature*

David Brown, Special Agent, FBI-Tampa
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: SEPTEMBER 11, 2025

_____
*Judge's signature*

City and state: Tampa, Florida       Hon. Christopher P. Tuite, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, David Brown, being first duly sworn, hereby depose and state as follows:

### A. Introduction and Agent Background

1. I am an investigative or law enforcement officer who is empowered by law to conduct investigations of and to make arrests for criminal offenses under Title 18 of the United States Code. I am a Special Agent with the Federal Bureau of Investigation (FBI), and I have been so employed since March 17, 2019. I have training in the enforcement of laws of the United States, including training in the preparation, presentation, service, and execution of criminal complaints and arrest and search warrants. I completed a twenty-one-week training program at the FBI Academy, which included instruction in the investigation of various criminal offenses governed by federal law, and I have received advanced training in matters relating to criminal investigations. I am currently assigned to the Tampa Bay Violent Crime and Safe Streets Task Force out of the Pinellas Resident Agency office. Prior to joining the FBI, I was a sworn Police Officer in the St. Louis, Missouri area with nearly ten years of experience; four years of which was working long-term investigations as a Detective. In preparation to become a police officer, I completed an approximately twenty-three-week training program at the St. Louis Metropolitan Police Department Academy.

2. The facts in this affidavit come from my personal observations, my review of documents, information obtained from other agents and witnesses, and my training and experience. This affidavit is intended to show only that there is probable

cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Based on the facts set forth in this affidavit, I believe there is probable cause that on or between May 16, 2025 and August 26, 2025, violations of 18 U.S.C. § 875(c) (Threatening Interstate Communication) (the "SUBJECT OFFENSE") have been committed by Daryl Hanna ("HANNA"), residing at 5263 4th Avenue South, Tampa, Florida, 33707, within in the Middle District of Florida.

**B. Probable Cause**

4. The Federal Bureau of Investigation (FBI), and Tampa International Airport Police Department were first notified on August 26, 2025, that HANNA had sent a photo depicting himself wearing a black Under Armor sweatshirt with a hood up, pointing a firearm with a green laser at the phone (hereafter referred to as PHOTO #1) to members of Elevance Health and CVS. See PHOTO #1 below:



2

5. The reporting party for Elevance Health Care was Security Manager Philip Lebowitz. Lebowitz advised Elevance Health Care owns other health care providers, such as Simply Health Care and Carelon RX. Elevance Health Care also works with CVS Health. HANNA is a member customer of Simply Health Care and feels he is owed money by the company. HANNA was reported to have begun making threats to Elevance Health Care on May 16, 2025.

6. Lebowitz advised that on May 16, 2025, HANNA sent a text message through interstate wires to his case manager with Elevance Health Care (hereafter referred to as Victim #1), who resides in the Middle District of Florida, photos of a Publix Pharmacy receipt, two Walgreens receipts, and PHOTO #1, so he could obtain reimbursement for the prescription cost and an Uber ride to the pharmacy. Victim #1 reported it to their supervisor, and the St. Petersburg Police Department was notified by Lebowitz. Officers from St. Petersburg Police Department contacted Victim #1, who advised at the time he/she did not wish to assist with prosecution. At that time St Petersburg Police Department discontinued their investigation.

7. Lebowitz advised that on the same day, in addition to texting PHOTO #1 to Victim #1, HANNA also emailed by means of interstate communications over the internet, PHOTO #1 to an Elevance Health Care corporate email address on May 16, 2025. Elevance Health Care email servers are located in Boydton, Virginia, Quincy, Washington, and San Antonio, Texas. Thereafter, on May 19, 2025, an associate with Elevance Health Care (hereafter referred to as Victim #2), who resides in the Southern District of Florida, opened the email and reported it to his/her

supervisors. Victim #2 wished to seek prosecution and contacted the Sunrise Police Department, whose officers advised they could not do anything since the origination of the threat occurred out of their jurisdiction.

8. On May 22, 2025, Simply Health Care sent HANNA a certified letter to HANNA, notifying him in writing to not make further threats or send threatening communications.

9. Lebowitz advised that on August 25, 2025, HANNA initiated a phone call using interstate wires to Simply Health Care and requested to speak with a manager. During the call HANNA did not identify himself, but the phone number used during the call was registered in their database as belonging to HANNA. The customer service representative (hereafter referred to as Victim #3), who resides within the Middle District of Florida, requested more information prior to transferring HANNA. HANNA advised Victim #3 that they owed him a lot of money and that he was in pain. HANNA then stated, **"nobody's gonna tell me I'm gonna wait 90 days. I have stage 4 cancer. If anybody thinks I'm waiting 90 days, trust me, I will follow up, and I will find your offices, and I will make sure somebody's life is just as fucking short as mine is. Guaranteed."** Victim #3 advised HANNA to not use threatening language. This call was recorded by Simply Health Care and provided to investigators.

10. Lebowitz further advised that on or before August 26, 2025, HANNA initiated a phone call using interstate wires to Carelon RX, which is serviced by its

partner CVS. During that call HANNA threatened the customer service representative. Lebowitz advised CVS had notified Elevance Health, since HANNA is a member with Simply Health Care.

11. Lebowitz advised that on August 26, 2025, Simply Health Care sent HANNA another certified letter. The letter served as notice of his additional threats and advised HANNA that all future communication should be done through email.

12. Lebowitz advised on August 30, 2025, HANNA sent a series of text messages through interstate wires to Case Manager Anna Rowe, located in the Middle District of Florida, pictures of certified letters and texted, "Well they sent me like 5 or 6 pieces of mail today all certified cost about as much as one of my prescriptions. Have to wait to see what they are". Based upon my training and experience, this interaction between HANNA and Rowe evinces that HANNA received the certified letters regarding his prior threats at his home and had notice that Elevance Health and his other health providers considered his comments and photo to be threatening.

13. On or about August 27, 2025, Tampa International Airport Police Department Detective Christopher Trapnell contacted CVS Health Senior Manager of Investigations for Enterprise Security Peter Getz. Getz advised HANNA contacted the health company Carelon RX. Getz advised that on August 4, 2025, HANNA had sent an email to Elevance Health Corporate email which contained PHOTO #1. The email was opened by a CVS customer service representative (hereafter referred to as Victim #4), who lives in Tennessee. Getz advised a follow up

5

call with HANNA and Victim #4 occurred on August 20, 2025. During the phone call HANNA verified his name and provided his zip code. HANNA stated, "a picture got mixed up with those receipts from CVS etc." Later in the conversation HANNA stated, **"If this isn't done in 24 hours, I'm be pissed beyond recognition and find somebody. And that picture will be real."** Based off your affiant's experience, HANNA's statement was referring to finding one of Elevance Health's offices and coming there with the firearm depicted in PHOTO #1 to shoot someone to seriously injure or kill them. This call was recorded and provided to investigators.

14.  Getz advised he contacted HANNA and instructed him to stop making threats, to which he hoped would mitigate the situation.

## C. Conclusion

15. Based upon the foregoing, I submit that the above facts establish probable cause that HANNA has committed violations of 18 U.S.C. § 875(c) (Threatening Interstate Communication), and request that this court issue an arrest warrant for HANNA.

	*SA* [signature]
	Special Agent David Brown
	FBI Tampa, Pinellas Resident Agency

Affidavit submitted by electronic means and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this __11__ day of September 2025.

[signature]
HON. CHRISTOPHER P. TUITE
United States Magistrate Judge

7